POLSTON, J.
Appellants CNA Commercial Insurance Claims and Tampa Bay Performing Arts Center argue that the Judge of Compensation Claims (“JCC”) erred by admitting the deposition of Dr. Castellvi into evidence over their objection. We agree. Because the deposition was admitted in error and the JCC stated that this “deposition is important to the overall disposition of this cause,” we reverse the *512 JCC’s Amended Order and do not reach its merits, including the application of the statute of limitations and the allocation of palliative medical treatment.
Appellants received notice of Dr. Castellvi’s deposition only one hour before it being taken and were unable to participate. Such notice was totally inadequate and the deposition should not have been admitted. See Broward Industrial Plating, Inc. v. Weiby, 394 So.2d 1117, 1119-20 (Fla. 1st DCA 1981)(admission of physician’s deposition in workers compensation proceeding was erroneous because one-day’s notice was not reasonable); Fla. R. Civ. P. 1.310(b)(reasonable notice in writing of deposition must be given to parties in action).
The case is remanded for a new hearing to determine the application of the statute of limitations pursuant to section 440.19(2), Florida Statutes (1995), the allocation of palliative medical treatment, and the application of statute of limitations to any contribution claims.
REVERSED and REMANDED.
ERVIN and KAHN, JJ., concur.